## CAVILLAUD, Respondent, v. YALE, Appellant.

In declaring against an attorney for negligence, it is only necessary to aver generally that he was retained. But if it be alleged that he was retained in consideration of certain reasonable fees and rewards to be paid him, and no future time is stated as agreed upon for the payment of such fee, the declaration must aver payment, and the omission of this is error.

An attorney is always entitled to his retaining fee in advance, unless he stipulates to the contrary.

APPEAL from the Tenth Judicial District, for Yuba County.

The complaint alleges that plaintiff had retained and employed the defendant as an attorney and counsellor of the Supreme Court, to prosecute and conduct a certain appeal in said court (describing the case), for certain reasonable fees and rewards therefor, to be paid by the said plaintiff to the said defendant, and avers that the said defendant then and there accepted and entered upon such retainer and employment. But the defendant did not and would not prosecute the said appeal in a proper and skilful manner, but wholly neglected the same and his duty in the premises, and abandoned the same without any notice to the plaintiff, by means of which plaintiff was pre-

vented from having a hearing before the court, and the said appeal, by reason thereof, was dismissed, whereby the plaintiff had judgment rendered against him, &c., and hath damage to the amount of $5000.

Defendant demurred, for cause, that the complaint of plaintiff does not show that the plaintiff ever paid, or that defendant ever received, any money in the way of compensation or reward for the defence of said plaintiff in the said case of appeal in the Supreme Court, as set forth in the complaint, whereby the defendant was bound in law to attend to the said cause.

Several other causes of demurrer were set forth by the defendant, but the one stated was the only one considered by the court.

The District Court overruled the demurrer, and defendant took this appeal.

*Field* and *Townsend,* for appellant.

The payment of a fee must be regarded as a condition precedent to the performance of a contract as a counsellor, in the absence of all express stipulations to the contrary.   In this respect, the contract with a counsellor differs from the common contracts for labor.   At common law, the counsellor could maintain no action for fees; no obligation, therefore, could attach upon him without payment.   Plaintiff therefore was bound to allege payment, or an offer to pay.   Chit. on Cont. (Ed. of 1848), 572.

At common law, no action could be maintained for negligence against counsel; at the time of the alleged contract, there was no statute in the State in relation to the fees or contracts of counsel.   Old Prac. Act, sect. 225 ; New Prac. Act, sect. 494.

*Swezey,* for respondent.

The declaration may be without any inducement, and may commence with a statement of defendant's retainer, without stating any consideration, and need not state the consideration of the retainer.   Note to 2 Chit. Plead. 172, 272, 372 ; 2 Chit. Rep. 311 ; Brown *v.* Diggles, 18 Eng. Com. Law Rep. 548, 9 ; 5 Term. Rep. 145 ; Picks. Rep. 237 ; 4 J. B. Mass. 532.

The only cases against this doctrine are those that do not show the capacity in which the party undertook it, and for that

reason the courts have held that an allegation of consideration was necessary. But where the party is shown to have undertaken as counsellor or attorney, no allegation of consideration is necessary. 4 Bar. and Cress., 10 Eng. Com. Law, Dartnell v. Howard; see, also, 2 Lord Raymond, 919, 20, Coggs v. Bernard. An attorney retained cannot abandon a cause for want of funds without reasonable notice. 3 Barn. & Adolph. 340; Eng. Com. Law, vol. 23, p. 91.

*If an attorney request to have his fees paid,* he is not bound to proceed unless they are paid. 9 Con. 59.

In Carle and Wife v. Bennett, a motion was made to compel the attorney of plaintiff to proceed in the suit. In this case considerable costs had accrued, and the attorney refused to proceed *until they were paid.* The court held, that the attorney is not to go on in spending money for his client without being secured. 2 Johns. Rep. 296.

In the above cases it is nowhere intimated, that without notice to his client, a demand of payment, or security for his fees, that an attorney may abandon the cause; the cases turn upon the facts of notice, demand, and refusal, and the allegation in this complaint is, that the defendant, without notice, &c., to plaintiff, abandoned, &c.

The rule from all the decided cases may be deduced, that, "an attorney who has once undertaken and commenced a suit for his client, is bound to continue it; that a bare omission to furnish the necessary funds will not justify an abandonment." Mordecai v. Solomon, Sayer's Rep. 173; 23 Eng. Com. Law Rep. 317; and see 9 Johns. Rep. 296.

The allegation of payment was not necessary by plaintiff. 7 Bing. 413; 20 Eng. Com. Law Rep. 183; 2 Chit. Rep. 311.

The opinion of the court was delivered by HEYDENFELDT, Justice. WELLS, Justice, concurred.

The demurrer to the declaration was well taken. In declaring against an attorney for negligence, it is only necessary to aver generally that he was retained, without stating specially that a retaining fee was paid. But the averment here goes further, and shows that the employment or engagement of the defendant

was in consideration of certain reasonable fees and rewards to be paid him. No future time is stated as having been agreed upon for the payment of the fee, and the inference must be, that it was to be paid before the services were rendered, because an attorney is always entitled to his retaining fee in advance, unless he stipulates to the contrary. Therefore, the declaration averring that the fee was to be paid, should also have averred the payment, as distinctly as the performance of any other condition precedent is necessary to be stated.

Judgment overruling demurrer is reversed, with costs.